THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL CHAMBERLAIN and TONYA CHAMBERLAIN,
INDIVIDUALLY, AND ON BEHALF OF THE
ESTATE AND WRONGFUL DEATH HEIRS AT LAW OF
AUSTIN HUNTER CHAMBERLAIN, DECEASED                PLAINTIFFS

VS.                          CIVIL ACTION NO.  4:21cv170-SA-JMV

MAXLEY B. BAXTER, DAVID L. HOGLUND,
DRY DOCK BAR & GRILL, INC.,
JC RENTALS, INC., CHARLES MARTER,
PATRICIA RICHARDSON, and JOHN/JANE DOES 1-10,
JOINTLY AND SEVERALLY                              DEFENDANTS

# COMPLAINT

**PLAINTIFFS DEMAND A JURY TRIAL**

COME NOW, Plaintiffs, Michael Chamberlain and Tonya Chamberlain, Individually, and on Behalf of the Estate and Wrongful Death Heirs at Law of Austin Hunter Chamberlain, Deceased, and file this Complaint, for cause, against Defendants, Maxley B. Baxter, David L. Hoglund, Dry Dock Bar & Grill, Inc., JC Rentals, Inc., Charles Marter, Patricia Richardson, and John/Jane Does 1-10, Jointly and Severally, and in support would show the following:

**PARTIES:**

1. Plaintiffs are adult resident citizens of the state of Georgia, with a residential address of 1060 Apalachee Trace, Bishop, Georgia 30621, and are the natural parents of the 19-year-old decedent, Austin Hunter Chamberlain, hereinafter "Austin" or "Decedent"

2. Defendant, Maxley B. Baxter, hereafter "Baxter", is believed to be an adult resident citizen of the state of Illinois, whose address is 2225 Sutton Drive, South Elgin, Illinois 60177,

who may be served with process of this Court at an off-campus apartment at Mississippi State University, at 14 Mary Lee Lane, Building 457, Apartment 301, Starkville, Mississippi 39759.

3. Defendant, David L. Hoglund, hereafter "Hoglund", is an adult resident citizen of the state of Illinois, whose address is 173 Hunt Club Drive, Saint Charles, Illinois 60174, who may be served with process of this Court there and/or wherever he may be found.

4. Defendant, Dry Dock Bar & Grill, Inc., hereafter "Dry Dock Bar & Grill", is a Mississippi corporation in good standing, who may be served with process of this Court within Grenada County, Mississippi, by serving its registered agent for service of process, Patricia Richardson, at 2361 Graysport Crossing Road, Gore Springs, Mississippi 38929.

5. Defendant, JC Rentals, Inc., hereafter "JC Rentals", is a Mississippi corporation in good standing, who may be served with process of this Court within Grenada County, Mississippi, by serving its registered agent for service of process, Charles Marter, at 2361 Graysport Crossing, Gore Springs, Mississippi 38929, and, upon information and belief, is the owner of the property upon which Dry Dock Bar & Grill is located, and has similar owners

6. Defendant, Charles Marter, hereafter "Marter", is an adult resident citizen of Grenada County, Mississippi, who may be served with process of this Court at 2361 Graysport Crossing, Gore Springs, Mississippi 38929, and, upon information and belief, is an owner of JC Rentals and/or Dry Dock Bar & Grill

7. Defendant, Patricia Richardson, hereafter "Richardson", is an adult resident citizen of Grenada County, Mississippi, who may be served with process of this Court at 2361 Graysport Crossing, Gore Springs, Mississippi 38929 , and, upon information and belief, is an owner of JC Rentals and/or Dry Dock Bar & Grill.

8. Defendants John/Jane Does 1-4 are unknown individuals and/or entities who are liable to Plaintiffs for the injuries and damages alleged herein, and are owners, operators, agents, caretakers or employees of Dry Dock Bar & Grill who were either on or absent from those premises

on the night of the incident in question, and had a duty to supervise, monitor, restrict access to the premises or alcoholic beverages, or safeguard the activities on the subject premises and/or its use and enjoyment and/or train and supervise employees or agents of Dry Dock Bar & Grill, and through acts or omissions breached their duty and proximately caused damages to Plaintiffs. The names and capacities of Defendants John/Jane Does 1-4 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore name said Defendants by fictitious names.  Plaintiffs will seek leave of court to amend this Complaint to substitute the true names when the same are ascertained.  Plaintiffs allege that upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, agency, and/or in some other manner whether alleged herein in this Complaint or not; and by such wrongful conduct said Defendants proximately caused or contributed to the injuries, death, and damages subject to this Complaint.

9. Defendants John/Jane Does 5-7 are unknown individuals and/or entities, corporations, LLC's, etc., or employees of such entities, who, in any way, either purchased, provided, served, or allowed to be taken, used, and/or consumed any alcoholic beverages by any minors involved in the incident who were on the subject premises, Dry Dock Bar & Grill, at the time leading up to the incident in question, and through acts or omissions breached their duty and proximately caused damages to Plaintiffs.  The names and capacities of Defendants John/Jane Does 5-7 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore name said Defendants by fictitious names.  Plaintiffs will seek leave of court to amend this Complaint to substitute the true names when the same are ascertained. Plaintiffs allege that upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, agency, and/or in some other manner whether alleged

herein in this Complaint or not; and by such wrongful conduct said Defendants proximately caused or contributed to the injuries, death, and damages subject to this Complaint.

10. Defendants John/Jane Does 8-10 are unknown individuals and/or entities who are liable to Plaintiffs for the injuries and damages alleged herein, and are any person or persons on the premises at the time of the incident in question, who had any management or supervisory responsibility for the minors on the premises or the restriction of their use, purchase, and/or consumption of alcoholic beverages on the premises, and through acts or omissions breached their duty and proximately caused damages to Plaintiffs. The names and capacities of Defendants John/Jane Does 8-10 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiffs, who, therefore name said Defendants by fictitious names. Plaintiffs will seek leave of court to amend this Complaint to substitute the true names when the same are ascertained. Plaintiffs allege that upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiffs by reason of negligence, gross negligence, wanton and reckless misconduct, agency, and/or in some other manner whether alleged herein in this complaint or not; and by such wrongful conduct said Defendants proximately caused or contributed to the injuries, death, and damages subject to this Complaint.

**JURISDICTION AND VENUE:**

11. This Court has original diversity jurisdiction over this matter and the parties herein pursuant to 28 U.S.C. §1332, as well as supplemental jurisdiction over claims arising under Mississippi state law under 28 U.S.C. §1367.

12. Venue in this Court is proper under 28 U.S.C. §1391(b) because the events and occurrences giving rise to this action occurred within the Northern District of Mississippi, and in this Division, specifically, Grenada County, Mississippi.

**FACTS:**

13. In the early morning hours of October 24, 2021, around approximately 2:00 a.m., Plaintiffs' son, 19-year-old Austin Hunter Chamberlain, was involved in a motor vehicle accident within Grenada County, Mississippi, wherein he was a guest passenger in a vehicle driven by Defendant Baxter. While under Baxter's sole control, the vehicle left a curved, two-lane road on which the posted speed limit was forty (40) miles per hour at that location, and the vehicle left the road at a high rate of speed and collided with a number of trees. This is believed to have been the direct proximate result of Baxter driving in a dangerously unsafe manner, at an excessive rate of speed of over 100 miles per hour and with a severe rate of alcohol-impaired driving, with Baxter having a confirmed blood alcohol content of 0.26, more than three (3) times the legal limit for adults in Mississippi, and thirteen (13) times the legal limit in the State for drivers under the age of 21. See attached "Exhibit A" – Mississippi Uniform Crash Report.

14. Defendant Baxter, who was only 19 years of age on the date of the accident and under the legal age in Mississippi to consume or purchase intoxicating beverages under these circumstances was served excessive amounts of alcoholic beverages at a local establishment, Dry Dock Bar & Grill, located in Grenada County, Mississippi, in the hours immediately prior to the subject driving incident.

15. Defendants Dry Dock Bar, JC Rentals, Marter, Richardson, and John/Jane Does 1-10, individually and/or as corporate Defendants and/or owners, operators, managers, supervisors, and/or employees of said Defendants, knowingly provided, served, and/or paid for the alcohol consumed by the underaged Defendant Baxter, for approximately three hours, and allowed him to drive away.

16. As a result of the action and omissions of Defendants, jointly and severally, Austin Hunter Chamberlain, Defendant Baxter's passenger, suffered catastrophic, fatal injuries proximately caused by such actions and omissions.

### COUNT I – NEGLIGENT OPERATION OF MOTOR VEHICLE:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

17. In the early morning hours of October 24, 2021, Defendant Baxter negligently operated the motor vehicle owned by his step-father, Defendant Hoglund, and as a result of such negligent operation proximately caused and/or contributed to the injuries and damages suffered by the Decedent and Plaintiffs in this action.

18. As a result of Defendant Baxter's breach of standard of care, Plaintiffs have suffered and will suffer damages more fully detailed hereunder, for which Plaintiffs are entitled to an award for the same.

19. Defendant Baxter, owed a duty to the general public, and specifically to the decedent and, by extension, Plaintiffs, to refrain from causing injury and damage while driving his vehicle, and to operate the same in safe and prudent manner. Said Defendant breached this duty, including (but not limited to) driving at an excessive speed of more than 100 miles per hour on a road in a section posted at a speed limit of 40 miles per hour, failing to maintain control of his vehicle, and driving while severely intoxicated and impaired, with a confirmed blood alcohol content of 0.26, more than three (3) times the legal limit for adults in Mississippi, and thirteen (13) times the legal limit in the State for drivers under the age of 21. These breaches proximately caused the injuries and damages outlined herein, for which said Defendant is liable.

### COUNT II – NEGLIGENT ENTRUSTMENT:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

20. Defendant Hoglund, as owner of the vehicle Defendant Baxter was driving, the vehicle in which Austin Chamberlain was a guest passenger and ultimately was killed, negligently entrusted said vehicle with his stepson, Defendant Baxter, as he had or had reason to know to be likely because of his age, inexperience, and other reasons such as potential alcoholic beverage consumption, to use it in a manner involving unreasonable risk of physical harm to others, whom

the stepfather should expect to be potentially injured by its use. Therefore, Defendant Hoglund is subject to liability for harm resulting from its use by his stepson.

21. As a result of Defendant Hoglund's breach of the standard of care, Plaintiffs have suffered and will suffer damages more fully detailed hereunder, for which Plaintiffs are entitled to an award for the same.

### COUNT III – DRAM SHOP:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

22. The named and/or John/Jane Doe Defendants, other than Baxter and Hoglund, individually or through agents or employees, either provided and/or purchased alcoholic beverages to/for Defendant Baxter for consumption or knew or had reason to know of the possession, access, or consumption of alcohol by Defendant Baxter in the hours leading up to the accident, or negligently allowed him to have access to or consume alcoholic beverages on the premises, knowing or having reason to know the foreseeability that Defendant Baxter would consume such alcoholic beverages and/or operate a motor vehicle, causing injuries and damages to the public or persons such as the Decedent, and by extension Plaintiffs.

23. Such named and/or John/Jane Doe Defendants, whether holders of an alcoholic beverage permit, social hosts, or premises owners, managers or agents or others, are not entitled to immunity under Miss. Code Ann. § 67-3-73 as Defendant Baxter, an underaged driver in this matter, could not lawfully consume such intoxicating beverages in this State, and further, when so provided, Defendant Baxter was visibly intoxicated at the time such intoxicating beverages were provided to him.

24. These named and/or John/Jane Doe Defendants, owed a duty, to not serve, pay for, and/or provide alcohol and/or acholic beverages to any underage individual or any individual visibly intoxicated specifically Defendant Baxter, which breach proximately caused the injuries and damages complained of herein, for which said Defendants are liable.

### COUNT IV – NEGLIGENCE PER SE:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

25. The hereinabove named Defendants, other than Baxter or Hoglund, are guilty of negligence per se in violation of the laws of the state of Mississippi prohibiting the sale or furnishing of alcoholic beverages to minors, excepting circumstances not present in this case, and further providing such intoxicating beverages to persons visibly intoxicated.

26. Defendant Baxter has committed negligence *per se*, in that he is in violation of Miss. Code. Ann. §63-11-30 in that he was operating a motor vehicle on the public roadways of this State while under the influence of intoxicating beverages and while having a B.A.C. over the legal limit for his age (or any age), and which violation further caused the death of Decedent, all in violation of Mississippi law.

27. As a result, such actions of Defendants should be seen as Negligence *per se*, which further should be seen as proximate cause of the injuries and damages set out and claimed herein.

### COUNT V – ATTRACTIVE NUISANCE:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

28. It is believed that Defendant JC Rentals is the owner of the property upon which Defendant Dry Dock Bar & Grill is located, and that both entities are owned by Defendants Marter and/or Richardson. The Dry Dock Bar & Grill was an attractive nuisance for minors. This was known by Defendants JC Rentals, Marter, and Richardson and said Defendants were negligent in allowing Dry Dock Bar & Grill to continue to operate and serve alcohol to underage individuals and/or obviously intoxicated persons.

29. As a result of these Defendants actions and/or inactions, to continue to own and operate such an establishment in said manner, Plaintiffs have suffered and will suffer damages more fully detailed hereunder, for which Plaintiffs are entitled to an award for the same.

### COUNT VI – STRICT LIABILITY:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

30. The herein named Defendants are strictly liable due Plaintiffs due to providing alcohol to intoxicated minors who would be conducting a dangerous activity – driving thereafter and under such influence – thereby causing the death of Austin Chamberlain.

31. As a result, such actions of Defendants should be seen as being a strict liability offense, which further should be seen as proximate cause of the injuries and damages set out and claimed herein.

### COUNT VII – PIERCE CORPORATE VEIL:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

32. The Dry Dock Bar & Grill acted as the alter ego of JC Rentals, Charles Marter and/or Patricia Richardson. The companies were under capitalized and placed the making of profits over the protection of patrons, specifically the minors herein. The herein named corporate Defendants are guilty of illegal and/or prohibited activity in the serving of alcohol to minors and the alter egos of Defendants Marter and Richardson, the owners of both entities. Such conduct was grossly negligent, reckless, and/or illegal.

33. Defendants, and all of the ones so named in this Count, through their real, wrongful, negligent, grossly negligent, reckless, and/or intentional acts or omissions, injured Plaintiffs, specifically, Austin Hunter Chamberlain, such that his death ensued as a proximate cause

### COUNT VIII – WRONGFUL DEATH AND ESTATE CLAIMS:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

34. Defendants, and all of them, through their real, wrongful, negligent, grossly negligent, and/or intentional acts or omissions, injured Decedent and Plaintiffs, specifically, Austin Hunter Chamberlain, such that his death ensued.

35. Plaintiffs herein claim any and all damages to which they may be entitled pursuant to Miss. Code Ann. § 11-7-13 (1972) for the wrongful death of Decedent, and any damages that may be available to his Estate, if such Estate is so opened and there are separate Estate damages, or any other provision of law applicable to such actions, for which Defendants are liable.

### COUNT IX – GROSS NEGLIGENCE AND PUNITIVE DAMAGES:

Plaintiffs adopt and reallege the aforesaid paragraphs as though fully set out here again.

36. The acts and/or omissions of Defendants were characterized by such reckless disregard for the safety and well-being of the general public, and specifically Decedent and Plaintiffs, as to constitute intentional or grossly negligent actions and/or inactions, such that Defendants should be liable to Plaintiffs for actual and punitive damages.

### DAMAGES:

37. As a direct and proximate result of the wrongful acts and/or omissions of Defendants, Plaintiffs claim damages in the following particulars:

   a. Final expenses – coroner's evaluation, transfer, cremation, funeral, etc.;

   b. Past, present and future pain and suffering;

   c. Past, present and future loss of sleep;

   d. Past, present and future severe mental anguish and emotional distress;

   e. Past, present and future lost time and accompanying wages;

   f. Damages pursuant to Miss. Code Ann. § 11-7-13 and other applicable provisions of law relating to wrongful death actions;

   g. Loss of the value of the life of Austin Hunter Chamberlain;

   h. Loss of the companionship of Austin Hunter Chamberlain;

   i. Loss of future wages for Austin Hunter Chamberlain;

   j. Punitive damages; and,

  k.  Other damages, including, but not limited to, any damages recoverable by his Estate, over and above wrongful death damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Complaint be received and filed, and that upon a trial thereon, that this Court will enter an Order and Judgment for Plaintiffs and against Defendants, jointly and severally, in an amount not less than twenty-five million dollars ($25,000,000.00).

         Respectfully submitted,

         MICHAEL CHAMBERLAIN, TONYA CHAMBERLAIN, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE AND WRONGFUL DEATH HEIRS AT LAW OF AUSTIN HUNTER CHAMBERLAIN, DECEASED, Plaintiffs

        BY:  */s/ J. Peyton Randolph, II*
            J. PEYTON RANDOLPH, II

*COUNSEL FOR PLAINTIFFS:*

J. Peyton Randolph, II (MSB# 4620)
*Law Offices of J. Peyton Randolph, II*
613 Steed Road
Ridgeland, Mississippi 39157
Telephone: 601.605.8537
Facsimile: 601.605.8539
Email: peyton@JPRII.com

Rick D. Patt (MSB# 8747)
*Patt Law Firm, PLLC*
Post Office Box 70
Madison, Mississippi 39130-0070
Telephone: 601.856.3834
Facsimile: 601.510.9045
Email: rick@pattlawfirm.net