IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL CHAMBERLAIN, INDIVIDUALLY
AND ON BEHALF OF THE ESTATE AND
WRONGFUL DEATH HEIRS AT LAW OF
AUSTIN HUNTER CHAMBERLAIN, DECEASED                      PLAINTIFFS

VS.                                          CIVIL ACTION NO.: 4:21-cv-170-SA-JMV

MAXLEY B. BAXTER, JOINTLY AND SEVERALLY,
ET AL.                                                   DEFENDANTS

## ORDER

This matter is before the Court upon the motion [26] of the Defendant Maxley B. Baxter ("Baxter") to stay this case pending the disposition of a related criminal proceeding in state court. The motion is now fully briefed, and the Court, having considered the motion and the briefs, is prepared to rule. For the reasons stated in detail below, this Court finds that the motion [26] to stay shall be granted in part and denied in part. The case shall be stayed as to Baxter, but limited discovery shall be allowed to proceed against all other Defendants.

## Law and Analysis

"The decision whether . . . to stay civil litigation in deference to parallel criminal proceedings is discretionary." *Thomas v. City of Benoit, Mississippi*, 2018 WL 5284615, at *1 (N.D. Miss. Oct. 24, 2018), citing *United States v. Simcho*, 326 Fed. App'x 791, 792 (5th Cir. 2009). A district court's discretionary authority to stay proceedings stems from its inherent authority to control the disposition of the cases on its own docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

"It 'is the rule, rather than the exception' that civil and criminal cases proceed together."

1

*United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 758, 761 (W.D. Tex. 2008) (citation omitted). Further, "[t]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly.'" *Simcho,* 326 Fed. App'x at 792–93. It is the burden of the party seeking the stay to overcome the "strong presumption in favor of discovery" and demonstrate why a stay is warranted. *Thomas*, 2018 WL 5284615, at *1 (N.D. Miss. Oct. 24, 2018), citing *United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997). A district court should stay the civil case only upon a showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice. *S.E.C. v. First Financial Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

District courts consider the following factors to evaluate whether a stay is warranted: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.*, citing *U.S. ex rel. Magee v. Lockheed Martin Corp.*, No. 1:09CV324-HSO-JMR, 2010 WL 2816658, at *4 (S.D. Miss. July 16, 2010) (collecting cases). Each of these factors shall be analyzed in turn below.

    **A.**     **Overlapping Issues**

Defendant Baxter argues that the factual allegations at the core of both proceedings arise from an automobile accident which occurred on October 24, 2021, in Grenada County, Mississippi, and resulted in the death of Austin Chamberlain. Def.'s Brief [27] at 4. While Plaintiffs admit that the issues overlap, they argue that the issues only overlap as to the claims against Defendant Baxter. All other claims in the Plaintiffs' case – negligent entrustment, dram shop, negligence per

se and strict liability re: furnishing of alcoholic beverages, attractive nuisance, and any and all wrongful death and other claims against all other Defendants other than Baxter, do not rely on claims relating to the criminal prosecution of Maxley Baxter. The claims relating to the alleged negligence and/or other acts relating to the furnishing of alcoholic beverages and the instrumentality of the vehicle to the minor before the accident are separate and apart from the claims asserted against Defendant Baxter. Thus, this factor weighs against granting the stay as to any Defendants other than Baxter.

### B. Status of the Criminal Case

Defendant Baxter has been indicted and is currently facing criminal charges. *See* Ex. A to [27]. This factor weighs in favor of granting the stay as to Baxter, but as set out above, it does not affect the claims against the other Defendants.

### C. Private Interests of Plaintiffs Proceeding Expeditiously, Weighed Against the Prejudice to Plaintiffs Caused by the Delay

It is under this factor that the Plaintiffs make their strongest case for denial of a complete stay of the instant case. Plaintiffs request that the Court fashion "a remedy which would allow all discovery to proceed except that which is to come from Defendant Baxter . . . [because] Plaintiffs have multiple claims against multiple Defendants for various causes of action which are not dependent on discovery to be provided by Defendant Baxter." Pl.'s Resp. [31] at 4. In his reply, Defendant Baxter states that "If in the Court's judgement [sic] Plaintiffs' request for alternative relief is appropriate under the circumstances, Defendant, Maxley B. Baxter, has no objection." Def.'s Reply [32] at 2.

In support of this factor, Plaintiffs argue that:

3

> Plaintiffs are in possession of information concerning the location of the business at which the minors were provided the alcoholic beverages, but discovery – and immediate discovery – is needed to further identify potential actors who will either have information concerning the events of that night and/or may be liable as other potential defendants. Austin is deceased, and Defendant Baxter is not talking, so discovery would be the only way to ascertain certain information needed by Plaintiffs. Witnesses and potential defendants may move out of state, forget key details due to passage or time, or even be subject to events which may cause their information and/or recollections to be unavailable.
>
> Various potential Defendants will be subject to either a one (1) year or three (3) year statutes of limitation as to actions or inactions of such persons or entities, and any stay of the civil case – and by extension a stay of discovery – would prejudice Plaintiffs in not being able to collect discoverable information as to potential Defendants. Should the civil matter be stayed, and the criminal matter extend beyond July 2022 as to its finality, Plaintiffs would be severely prejudiced in being able to properly discover any other potential defendants, especially if the same were to be subject to a one-year statute of limitations by either actions complained of or the status of the potential Defendant. Since the accident occurred in October 2021, the limitations period has already been running for over four (4) months.

Pl's Resp. [31] at 4-5. The Court finds Plaintiffs' argument compelling, and this factor weighs heavily in favor of allowing limited discovery as to all Defendants except Baxter to proceed.

**D.  Private Interests of and Burdens on Defendants**

Under this factor, Plaintiff argues that should the Court grant Baxter's motion, in full or in part, "the Court should allow any and all discovery which would not be obtained from Defendant Baxter to proceed, in any manner or form which would be seen to minimize any prejudice to the Plaintiffs in any delay while safeguarding any right of Defendant Baxter to not have to answer any discovery requests from him only during the pendency of his criminal trial."

In his brief, Defendant Baxter's primary concern is that should the stay not be granted, he "will certainly be forced to respond to discovery and will be questioned on matters that will touch on issues for which [he] has a Fifth Amendment interest." Def.'s Brief [27] at 9. He further argues that if discovery is allowed to proceed as to him, he "will be forced into an untenable position in deciding what should be done at trial and in his best interest, e.g., testify or not testify." *Id.*

4

However, no argument is made as to any private interests and/or burdens on the remaining Defendants. The Court notes that the other Defendants, all of whom are represented by separate counsel, did not file a joinder in Baxter's motion to stay. Many similarities may be drawn between the instant case and that of *Rogers v. The Tallahatchie Gourmet, L.L.C., et al.*, 3:19-cv-142-GHD-JMV, wherein the Court denied the motion to stay [37] due to the fact that the defendants failed to convince the Court that either conviction or exoneration of the criminal defendant would have any great effect on the non-criminal defendants in the claims against them for breach of a duty owed in the defendant's capacity as a restaurant manager. Further, the non-criminal defendant failed to show that he was charged with a crime or that his Fifth Amendment right against self-incrimination was at stake.

Similarly, the remaining Defendants in the instant case are not under criminal indictment and have made no effort to convince the Court that the criminal case will have any great effect on the civil claims pending against them. The Court finds that for these reasons, this factor weighs in favor of granting a stay as to Defendant Baxter, but weighs against granting a stay as to the other Defendants.

E.   **Interests of the Courts**

"[T]he Court has an interest in moving its cases 'to an expeditious conclusion.'" *Thomas*, 2018 WL 5284615, at *4 (N.D. Miss. Oct. 24, 2018). Allowing limited discovery to proceed as to all Defendants except Baxter may create some additional work for the Court at the outset. However, by limiting discovery to the non-criminal Defendants and staying the case as to Baxter, the concerns raised in *Thomas* should be minimized. *See Thomas*, 2018 WL 5284615, at *4 (N.D. Miss. Oct. 24, 2018). The Court finds here that judicial efficiency would be best served by a stay of this civil action as to Baxter only.

### F. The Public Interest

Given the degree in overlap between the parallel civil and criminal proceedings as to Defendant Baxter, this case should be stayed as to him. As has been long recognized by the Fifth Circuit, "Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962). However, no argument has been made that the public interest would be better served by halting limited discovery as to the remaining Defendants. Thus, this factor also weighs in favor of granting a stay as to Defendant Baxter only.

### Conclusion

It is for these reasons that this case shall be stayed as to Defendant Baxter only. According to the 2021 Mississippi Judiciary Directory and Court Calendar published by the Mississippi Secretary of State, the next term of Court for the Circuit Court of Grenada County will be the fourth Monday of July 2022. The Court directs Defendant Baxter to file a status update with this Court once it is determined whether his case will move forward in the July 2022 term. At that time, the Court will reevaluate this stay order, and amend it, if necessary.

**IT IS THEREFORE ORDERED** that the motion to stay [26] is granted in part and denied in part, and the above-styled matter is hereby **STAYED as to Defendant Maxley B. Baxter only.** The denial is without prejudice to the Defendants' right to reurge the motion to stay upon a showing of some substantial change with regard to the facts affecting the factors discussed above. The case management conference will be promptly reset by separate notice of this Court. During

said conference, the parameters and limitations of discovery shall be discussed. The Court does not anticipate setting any further case management deadlines in the case at this time pending the resolution of the criminal trial set for the July 2022 term.

    **SO ORDERED**, this the 18th day of March, 2022.

                                        /s/ Jane M. Virden
                                        **UNITED STATES MAGISTRATE JUDGE**